## APPLICATION OF THE RULE OF LAST CHANCE.

Circuit Court of Cuyahoga County.

Francisci Galati v. The Erie Railroad.

Decided, June 11, 1907.

*Negligence—Facts Establishing "Last Chance" Must be Pleaded—Plaintiff Must Remove Suggestion of Contributory Negligence—Noise Caused by Passing Train May Require More Care in Maintaining Lookout for Trains on Another Track.*

1. Plaintiff can not recover for negligence which warrants the application of the rule of "last chance" without alleging it in his petition.
2. In an action for wrongful death, if the evidence of the plaintiff suggests contributory negligence on the part of the deceased, then it becomes the duty of the plaintiff, before he can recover, to remove that suggestion of contributory negligence.
3. Where one is engaged in labor upon a railroad track, the fact that a long noisy freight train is passing upon an adjoining track would make it necessary for him to be more careful in keeping a lookout for trains approaching on the track upon which he is working.

*J. M. Shallenberger* and *Harry F. Payer,* for plaintiff in error.

*Cushing & Siddall,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concurs.

Salvatore Galati was a laborer working on the line of the Erie Railroad near Hiram, Portage county, in this state. On the 25th of May, 1905, he was working with a gang of laborers near the place specified, when he was directed by his foreman to leave the gang with which he was working and go to work on a ditch a few hundred feet away from the rest of the gang. This ditch came up very near to the railroad track and was some four feet in width and about a foot deep. Shortly before five o'clock, which was quitting time for the gang, a passenger train going east on the line of the road struck and killed Galati, and it is to recover for this death that the action below was brought. The result in the court below was a verdict and judgment for the defendant; to reverse the judgment the present proceedings are prosecuted.

There was a double track along this part of the railroad, trains going east taking the south track and those going west, the north track. At the time of the accident which killed Galati, a long freight train was moving noisily along the north track to the west. The allegations of negligence in the petition are that the defendant was negligent in failing to warn Galati of the approach of the passenger train, and was negligent in the operation of this freight train, and in failing to warn or caution him of the danger of working between and near said tracks; that the defendant was grossly careless in omitting to maintain a lookout to warn Galati and other workmen working upon said tracks of the approach of the passenger train, and in neglecting to furnish Galati with a safe place in which to work and in failing to apprise the said decedent of all the dangers of the then existing situation; that it was negligent in operating its passenger train at a high and dangerous speed and in failing to give a sound or warning or give a signal of its approach.

The place where Galati was working was in a cut, and the banks on either side were so high that one looking to the west

from his place of work could see a train at a distance of not more than 350 feet, there being a curve at this point in the road. It is claimed that these allegations of negligence are such as to authorize the plaintiff to show that the engineer saw Galati and that after he saw him he could have prevented the train from striking him, and that if this were shown, then, even though Galati was wanting in proper care on his part; still a recovery might have been had.

An effort was made on the part of the plaintiff to introduce evidence on this subject, and though, perhaps, no inquiry was made of any witness which exactly raised the question, still the court held substantially, as appears at page 85 and following of the record, that this line of inquiry could not be gone into. In this, the court committed no error. In the case of *Drown* v. *Northern Ohio Traction Co.*, 76 O. S., 234, it is held:

"Since the plaintiff can recover only upon the allegations of his petition, he can not recover upon negligence which warrants the application of the rule of 'last chance' without alleging it in his petition."

So that one can not recover on the last chance doctrine, that is where the plaintiff has negligently put himself in peril and that peril becomes known to the defendant in time to save him, and it fails to do so, unless the fact be distinctly pleaded that the defendant, after knowing of the plaintiff's peril, neglected an opportunity to save him.

Complaint is made of the charge of the court in which this language is used:

"The fact that a freight train was passing on a west bound track and making a loud noise at the time Galati was killed, would not excuse him from looking and listening for approaching trains, but on the contrary, since the noise of the freight train would to a certain extent prevent his hearing the noises of the bell or the whistle of the passenger train, it became Galati's duty to be all the more careful in looking for trains, which might approach on the track near or upon which he was killed."

It is said that this ought not to have been given, because the very nature of the work in which Galati was engaged would prevent him from keeping a look-out for approaching trains, and

to a degree, this is true.   He could not keep a constant look-out for approaching trains and successfully perform his work in the ditch, and only such look-out as he might be able, without failing to perform his work properly, could be required of him. But this did not relieve him from caring for his own safety; he was near to the railroad-track; he knew that the purpose of the railroad track was to afford a place for trains to travel upon, and that a train was liable to pass at that point, and if he knew nothing of the times of trains, he knew that such train was liable to pass at any moment, and the ditch being four feet wide, it would seem that he might have worked in the ditch and been at a safe distance from the track to have avoided the injury, and since knew that a train was passing which made so much more noise than a passenger train would be likely to make, it was certainly not requiring too much of him that he should have taken greater precautions at such time than when no such extraordinary noise was about him.

Complaint is further made that the court erred in the use of the following language to the jury, when treating on the subject of contributory negligence:

"If the evidence of the plaintiff suggests contributory negligence on the part of the deceased in this case, then it would be the duty of the plaintiff, before he could recover, to remove that suggestion of contributory negligence."

It is said that no burden is properly placed upon the plaintiff to overcome any suggestion of contributory negligence, unless such suggestion goes to the extent of raising the presumption of negligence on the part of the party injured, and the language used in most of the cases is that where a presumption of negligence is raised by the evidence offered on behalf of the injured party the burden is put upon him to overcome it.   But we find in the case of *Robison & Weaver* v. *John Gary*, 28 Ohio St., 241, this language used in the syllabus:

"3.   It is only when the injury is shown by the plaintiff and there is nothing that implies that his own negligence contributed to it, that the burden of proving contributory negligence can properly be said to be cast on the defendant; for when the defendant's own case raises the suspicion that his own negligence

contributed to the injury, the presumption of due care on his part is so far removed that he can not properly be relieved from disproving his own contributory negligence by casting the burden of proving it on the defendant, the same as if the presumption in favor of the plaintiff was unquestioned in his case."

This fully justifies the language in the charge complained of, providing there were facts in the case which justified the application of the principle. We think there were facts which justified it. The decedent in broad daylight was struck by a passenger train. This, of itself, without some explanation suggests to the ordinary mind that there must have been negligence, until some explanation of how he came to be thus struck is made. It is not here intimated that explanation was not made that tended to overcome the suggestion, but we think there was enough to raise the suggestion by the evidence, and therefore the charge was not erroneous in that regard.

It is urged that the evidence in the case is such that the verdict is clearly against its weight. We are not prepared to say this is so. On the evidence the case was perhaps very close, but the jury under proper instructions, found for the defendant and we are not prepared to say that such finding was clearly against the weight of the evidence.

The result is that the judgment of the court of common pleas is affirmed.